**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  PAUL WILLIAM MARTIN,

Debtor,

------------------------------

PAUL WILLIAM MARTIN,

Appellant,

v.

KEVIN HUNTER,

Appellee.

No.    21-60026

BAP No. 19-1336

MEMORANDUM*

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Lafferty, Gan, and Faris, Bankruptcy Judges, Presiding

Submitted January 12, 2022**
Pasadena, California

Before:  RAWLINSON and WATFORD, Circuit Judges, and RAKOFF, *** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Paul Martin appeals from a decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's grant of an exception from discharge under 11 U.S.C. § 523(a)(2)(A) and its grant of attorney's fees.  We affirm.

1.  The bankruptcy court did not err as a matter of law in concluding that the $10,000 Martin gained from the sale of the Porsche was a debt obtained by actual fraud.  11 U.S.C. § 523(a)(2)(A).  For purposes of § 523(a)(2)(A), "actual fraud" includes transfers made with an intent to evade creditors.  *Husky International Electronics, Inc. v. Ritz*, 578 U.S. 356, 361 (2016).  Under the doctrine of "badges of fraud," the court may infer fraudulent intent from "certain objective facts," including "a secret transfer."  *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 540– 41 (1994).  In this case, Martin does not challenge the court's factual findings that (1) he sold the Porsche while knowing that the car was collateral for the debt he owed Kevin Hunter, and (2) he failed to disclose the sale or remit its proceeds to Hunter.  The court properly inferred fraudulent intent from those facts.  That inference is fully consistent with the court's conclusion that Martin did not act for the purpose of injuring Hunter.  *See Husky*, 578 U.S. at 363–64 (distinguishing between "actual fraud" under § 523(a)(2)(A) and "willful and malicious injury" under § 523(a)(6)).

2.  The bankruptcy court did not abuse its discretion in awarding attorney's fees to Hunter.  Martin contends that attorney's fees are available only to the extent

that the substantive issues before the bankruptcy court are governed by state law. But under binding precedent, attorney's fees may be awarded if they are permitted under state law even when the fees were incurred litigating issues of bankruptcy law. *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 449 (2007). California Code of Civil Procedure § 1021 allows for fees according to an express agreement of the parties. Martin does not challenge the bankruptcy court's determination that the note memorializing the loan from Hunter authorized an award of attorney's fees to the prevailing party in a dischargeability action. The fee award was therefore permitted under California law.

**AFFIRMED.**